IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR M. WILLIAMS, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 20-cv-5367 |
| CITY OF JOLIET ET AL., | ) | |
| Defendants. | ) | Consolidated with |
| JAMAL M. SMITH, | ) | |
| Plaintiff, | ) | Case No. 20-cv-5387 |
| v. | ) | **Hon. Sara L. Ellis** |
| CITY OF JOLIET, and UNKNOWN JOLIET POLICE OFFICERS, | ) | JURY TRIAL DEMANDED |

**DEFENDANTS' CONSOLIDATED MEMORANDUM OF LAW
IN SUPPORT OF THEIR PARTIAL RULE 12(B)(6) MOTIONS TO DISMISS[1]**

These consolidated cases arise from a physical altercation between the plaintiff and the City of Joliet's mayor on May 31, 2020. It is fundamentally about allegations of false arrest and excessive force. But plaintiffs (and brothers) Victor Williams and Jamal Smith have inflated the cases with inapplicable theories and boilerplate *Monell* and conspiracy claims. These inapplicable and conclusory counts ought to be pruned away before discovery.

First, the malicious prosecution claims must be dismissed because *neither brother was ever prosecuted*. They were arrested, but never formally charged. There was no complaint, information, or

---

[1] Williams and Smith allege the same eleven counts in their respective complaints. Their allegations are all but identical. While only Williams has sued Mayor O'Dekirk, that and minor differences are irrelevant to this motion. Thus, while Defendants have filed separate answers and motions to dismiss, the Defendants have filed a single, consolidated memorandum of law for the sake of efficiency and economy.

indictment. No criminal proceedings occurred. Thus, the malicious prosecution claims cannot get off the ground because Williams and Smith were never subjected to any judicial proceedings, let alone proceedings that terminated in their favor. Second, the substantive due process claims are a nonstarter because the Fourth Amendment governs the conduct at issue. Williams and Smith have pleaded (but not proven) Fourth Amendment claims. But when, as here, a specific constitutional amendment applies, the free-floating standards of substantive due process do not. Third, the *Monell* and conspiracy claims consist of nothing more than the perfunctory "labels and conclusions" that are not sufficient to state a claim under *Iqbal* and are routinely dismissed in this district.

## SUMMARY OF ALLEGED FACTS

Williams and Smith allege that on May 31, 2020, Williams was physically accosted by the City of Joliet's elected mayor, Robert O'Dekirk, even though Williams was doing nothing wrong. (Williams Compl. ¶¶ 7–8, 11; Smith Compl. ¶¶ 8-10, 13) Williams then alleges that unknown City of Joliet police officers piled on and used excessive force against him despite his lack of resistance, and that he was then arrested and "charged" with aggravated assault and mob action without a legitimate reason. (*Id.* ¶¶ 8–9) Williams' brother, Jamal Smith, alleges that he came to his bother's defense against Mayor O'Dekirk, and then unnamed police officers also "beat" Smith for no reason while he was defenseless. (Smith Compl. ¶¶ 9-10) Smith likewise claims he was arrested and "charged" with aggravated assault and mob action without a legitimate reason. (*Id.* ¶ 11) The plaintiffs allege that on July 2, 2020, the Will County State's Attorney's Office announced that they were not proceeding "on the charges against Plaintiff." (Williams Compl. ¶ 10; Smith Compl. ¶ 12)

Despite their ambiguous use of the word "charged," neither Williams nor Smith identifies any criminal proceeding filed against them by caption or case number. They avoid asserting that proceedings were "terminated" and the words "dismissed" or "nolle pros." There is a good reason for his careful wording. Williams was never charged. Neither was Smith. A search of the Circuit Court of Will County's publicly-available court records for "Victor Williams" (with or without a

middle initial) or for "Jamal Smith" shows no record of any case against such a person for the relevant date.² Even one of the plaintiffs' own attorneys has stated publicly that *no charges were filed* against his clients.³

## **PROCEDURAL HISTORY AND COUNTS ALLEGED**

Williams' complaint was filed on September 10, 2020. (Dkt. # 1, Compl., 9/10/20) Smith filed a virtually identical lawsuit the next day. (*See Smith v. Joliet*, Dkt. # 1, Compl. 9/11/20) The cases have been consolidated. (*See* Dkt. # 12, Minute Entry, 10/14/20) The defendants received an extension of time to answer or otherwise plead. (*Id.*) Smith's complaint alleges the same eleven counts, although Smith did not sue Mayor O'Dekirk (given the all-but-identical nature of Smith's suit, the Defendants are filing the same partial motion in Smith's case).

Both complaints allege the following eleven counts: Count I is a Fourth Amendment claim for excessive force; Count II is a Fourth Amendment claim for unlawful detention; Count III is a *Monell* claim against the City; Count IV is a Fourteenth Amendment claim for substantive due process; Count V is a federal "failure to intervene" claim; Count VI is a federal conspiracy claim; Count VII is state law claim for intentional infliction of emotional distress; Count VIII is a state law claim for malicious prosecution; Count IX is a state law conspiracy claim; Count X is a state law claim for false imprisonment; and Count XI seeks indemnification. While not all Defendants are named in all counts, that nuance is not relevant to this motion.

## **STANDARD OF REVIEW**

---

² The information can be accessed from a portal on the Will County Circuit Clerk's website. That website is available at https://www.circuitclerkofwillcounty.com/Public-Access The Circuit Clerk's website expressly forbids "reproducing" data from that website. Thus, in an attempt to comply with that directive, the Defendants are directing the Court to the online docket sheet rather than attaching a printed copy of the relevant records.

³ *See, e.g.*, Alicia Fabbre, "Brothers who were in altercation with Joliet mayor won't face charges, state's attorney says," *Chicago Tribune*, July 2, 2020, available at https://www.chicagotribune.com/news/breaking/ct-joliet-mayor-altercation-no-charges-20200703-6wdmetp5abbd5i7wjq5a7rjtzy-story.html (last visited November 9, 2020) (quoting attorney Lawrence X. O'Reilly as saying that "[t]he fact that the state prosecutor is not willing to file charges today … speaks volumes.").

3

Every complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint that does not should be dismissed because it "fails to state a claim on which relief may be granted." Fed. R. Civ. Proc. 12(b)(6). A "[p]lausible" claim requires sufficient factual detail to establish that relief is more than merely "possible," in that a court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The reviewing court should accept all well-pleaded facts as true. *Twombly*, 550 U.S. at 556. But this presumption of truth does not apply to legal conclusions masquerading as facts. *Iqbal*, 556 U.S. at 678. Thus, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Ultimately, if a complaint "pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief'" and should be dismissed. *Id.* (quoting *Twombly*, 550 U.S. at 557).

## ARGUMENT

### I. THE MALICIOUS PROSECUTION CLAIMS SHOULD BE DISMISSED BECAUSE THERE WERE NEVER ANY JUDICIAL PROCEEDINGS.

Count VIII alleges malicious prosecution under Illinois law. (Williams Compl. ¶¶ 56–62; Smith Compl. ¶¶ 56–62) The five elements of malicious prosecution in Illinois are: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff*.*" *Beaman v. Freesmeyer*, 2019 IL 122654, ¶ 26, 131 N.E.3d 488, 495. Williams and Smith cannot satisfy the first element because there never was any "criminal or civil judicial proceeding" filed against them. And, because there was no proceeding ever started, by definition they cannot show favorable termination.

Williams and Smith each make the conclusory assertion that they were "improperly subjected to judicial proceedings," (Williams Compl. ¶ 57; Smith Compl. ¶ 57), but they do not allege any facts to support this claim. *Cf. Iqbal*, 556 U.S. at 678. They do not give a case number or caption for any supposed judicial proceeding. They do not allege that anyone filed a criminal complaint or an information. There is no reference to a grand jury indictment. They avoid saying that the charges against them were "dismissed" or "terminated," alleging instead that the State's Attorney "announced they were not proceeding on charges." (Williams Compl. ¶ 10; Smith Compl. ¶ 12) More to the point, the public record, in the form of the Will County Circuit Clerk's page, does not show any criminal matter filed against Williams or Smith for the relevant dates. *See* link in footnote 2, above. Matters of public record such as state court docket sheets may be considered even on a motion to dismiss because they are proper subjects for judicial notice. *Ennenga v. Starns*, 677 F.3d 766, 773–74 (7th Cir. 2012*); Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir.1994) (finding public court documents judicially noticeable).

Plaintiffs' conclusory recitation of the elements of a malicious prosecution claim, (Williams Compl. ¶¶ 56–62; Smith Compl. ¶¶ 56–62), accomplishes nothing in light of the unambiguous public record. To be sure, both were *arrested*. But "[s]imply being arrested does not satisfy the judicial proceedings requirement, as malicious prosecution and false arrest are separate claims." *Barrow v. Blouin*, 38 F. Supp. 3d 916, 922 (N.D. Ill. 2014). *Barrow* was the only case Defendants located that addressed the unusual scenario presented in this case: a plaintiff who was arrested, but not charged sought to add a malicious prosecution claim to his false arrest claim. But secondary sources back up *Barrow's* logic and outcome. *See, e.g.*, 52 Am. Jur. 2d Malicious Prosecution § 18 ("Some formal legal action must be instituted, such as a criminal charge or indictment, before an action for malicious prosecution based thereon may be brought.").

*Barrow*, like this case, dealt with a plaintiff who sought to artfully plead around the requirement that "judicial proceedings be commenced by Defendants." *Barrow*, 38 F. Supp. 3d at

5

922. It dismissed the plaintiff's malicious prosecution claim because "as defined by Illinois law, a criminal prosecution is commenced by the filing of a complaint, information, or indictment," and the plaintiff had alleged none of those things. *Id.* (citing 725 ILCS 5/111–1). Rather, that plaintiff was "only arrested and detained" and thus does not have a claim for malicious prosecution." *Id. Barrow* added that "the point of an initial hearing is for the State to announce whether criminal proceedings will ensue," and so was unmoved by that plaintiff's allegation that he was released from custody after appearing in court. *Id.*

Neither plaintiff says when he was released from custody. But *Barrow*'s point is that the timing of such a release, and any delay between the arrest and the prosecutor's announcement that he or she will not pursue charges, does not transform a false arrest case into a malicious prosecution case. That point applies here. This scenario is indistinguishable from *Barrow* and compels the same result. Put bluntly, one cannot have a malicious prosecution suit if there is no prosecution. The claim is for false arrest, and false arrest only.

## II. THE SUBSTANTIVE DUE PROCESS CLAIMS SHOULD BE DISMISSED BECAUSE THIS SUIT IS GOVERNED BY THE FOURTH AMENDMENT.

Plaintiffs also float a Fourteenth Amendment claim, alleging that the Defendants' actions "were so arbitrary as to shock the conscience." (Williams Compl. ¶ 33; Smith Compl. ¶ 33) This is a "substantive due process" claim and it must be dismissed because "[t]he Supreme Court has made it abundantly clear that substantive due process may not be called upon when a specific constitutional provision (here, the Fourth Amendment) protects the right allegedly infringed upon." *Doe v. Heck*, 327 F.3d 492, 519 (7th Cir. 2003), *as amended on denial of reh'g* (May 15, 2003). This unequivocal message goes back at least 25 years to *Albright v. Oliver*, 510 U.S. 266, 273 (1994), which rejected a plaintiff's attempt to recast a Fourth Amendment claim as a substantive due process claim.

Plaintiffs' allegations of illegitimate force and unlawful arrest fit squarely within the Fourth Amendment. Thus, the abstract and malleable standards of substantive due process are irrelevant.

Courts in this district have repeatedly dismissed substantive due process claims that "are part and parcel of [the plaintiff's] Fourth Amendment claim." *See, e.g.*, *A.G. v. City of Park Ridge*, 198 F. Supp. 3d 856, 864 (N.D. Ill. 2016) (dismissing such a claim and citing cases that did the same); *see also Hicks v. City of Chicago*, 2017 WL 4339828, at *11 (N.D. Ill. Sept. 29, 2017) (noting that "once seizure is alleged, evaluation of [the plaintiff's] claim proceeds down the path of Fourth Amendment analysis" and "precludes the viability of a substantive due process claim.")

This case is no different. Plaintiffs' claim for excessive force is obviously a Fourth Amendment claim. Their claim for unlawful detention is also a Fourth Amendment claim—regardless of when that detention ended because they never stood trial. *See Manuel v. City of Joliet*, 903 F.3d 667 (7th Cir. 2018) (Fourth Amendment governs all claims for unlawful pretrial detention). Indeed, Plaintiffs do not allege any action on the part of any defendant that would not be otherwise covered by the Fourth Amendment. This dooms their substantive due process claims.

### III. THE CONSPIRACY AND *MONELL* CLAIMS SHOULD BE DISMISSED BECAUSE THEY ARE RAW CONCLUSIONS.

Count III makes several references to the "policy and practice" of the City of Joliet. (Williams Compl. ¶ 28; Smith Compl. ¶ 28) Thus, it is a *Monell* claim, apparently one for a "longstanding practice having the force of law," although this is not expressly stated, and Plaintiffs may also be trying to make allegations based on an official policy or the actions of an official with final policy making authority. *See Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (listing these three categories of *Monell* claims). But whatever variation of a *Monell* claim Plaintiffs are seeking to bring, they have alleged only conclusions and thus have not crossed *Iqbal*'s plausibility threshold.

*Iqbal* teaches that "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. This requirement is not a paper tiger. More importantly, "[t]e bar is not lower for *Monell* claims." *Slabon v. Sanchez*, 2020 WL 5763760, at

7

*11 (N.D. Ill. Sept. 28, 2020). Plaintiffs offer only the standard rote conclusions about the City having a policy and practice condoning police abuses, of inadequate supervision and training, and the perfunctory reference to a code of silence. (Williams Compl. ¶¶ 25–30; Smith Compl. ¶¶ 25–30) There are not specific facts to flesh out these conclusions. There are no other instances alleged other than Williams' and Smith's own experience and no facts to indicate how common these purported constitutional violations are.

These kinds of conclusory recitations are frequently dismissed in this district. *Slabon* is one example of this outcome. *Slabon*, 2020 WL 5763760, at *11. So, too, is the recent decision in *Jordan v. Klamenrus*, 2020 WL 4547879 (N.D. Ill. Aug. 6, 2020). *Jordan* found that generic allegations of a code of silence and failure to train, tacked on the plaintiff's own experience, was inadequate for a *Monell* claim. *Id.* at *5. There are many, many cases reaching the same outcome.[4] These frequent rejections are consistent with Seventh Circuit precedent. *See, e.g.*, *Gallagher v. O'Connor*, 664 F. App'x 565, 569 (7th Cir. 2016) (holding that a complaint which "tacks on boilerplate allegations that trace the legal requirements of a *Monell* claim" to the plaintiff's experience fails to state a claim).

Williams's and Smith's conspiracy claims in Counts VI and IX suffer from the same flaw. (Williams Compl. ¶¶ 42–49 and 63–67; Smith Compl. ¶¶ 42–49 and 63–67) These are conclusory recitations that officers committed "overt acts" to work together and violate Williams' and Smith's rights without the slightest hint of what acts were done, let alone when or by whom. These

---

[4] *See, e.g. Bridgeforth v. City of Glenwood*, No. 18 C 7150, 2020 WL 1922907, at *6 (N.D. Ill. Apr. 21, 2020) ("Plaintiff does not mention any final policymaker or express policy, and to assert a Monell claim based on a widespread practice, plaintiff must plausibly allege, by way of at least 'some specific facts,' rather than purely conclusory allegations that...the Village had a genuinely widespread practice."); *Carmona v. City of Chicago*, 2018 WL 1468995, at *3 (N.D. Ill. Mar. 26, 2018) (St. Eve, J.) (finding generalized allegations of inadequate discipline and conclusory statements about deliberate indifference insufficient, and citing cases which did the same); *Waterworth v. City of Joliet*, 2018 WL 2846393, at *5 (N.D. Ill. June 11, 2018); *Elder v. Dart*, 2015 WL 509555, at *3 (N.D. Ill. Feb. 4, 2015) (conclusions and plaintiff's own experience insufficient); *Starks v. City of Waukegan*, 946 F. Supp. 2d 780, 792 (N.D. Ill. 2013), on reconsideration in part (Aug. 16, 2013); *Smith v. Preston*, 2012 WL 698889, at *2 (N.D. Ill. Feb. 29, 2012) (dismissing *Monell* claim because plaintiff only provided general allegations as to policies and practices).

conclusory allegations would not have been enough even before *Iqbal. Cooney v. Rossiter*, 583 F.3d 967 (7th Cir. 2009). They are nowhere close to enough after *Iqbal*. What is more, conspiracy claims (and *Monell* claims) are inherently more factually complex and "the required level of factual specificity rises with the complexity of the claim." *McCauley v. City of Chicago*, 671 F.3d 611, 616–17 (7th Cir. 2011). *McCauley* dismissed a *Monell* claim because despite purporting to allege facts, the plaintiff offered only a series of conclusions that lacked the "factual heft" needed for claims of that nature to pass *Iqbal*'s plausibility requirement. *Id.* at 617. Williams' and Smith's conspiracy and *Monell* claims also fall short of that standard. *Monell* and conspiracy claims are infamous for creating massive discovery burdens, and the Federal Rules "do[] not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

## CONCLUSION

A malicious prosecution claim cannot exist without actual judicial proceedings. A substantive due process claim cannot exist when the Fourth Amendment's text governs the conduct at issue. A *Monell* claim and a conspiracy claim cannot exist without specific facts that go beyond labels and conclusions. For those and the other reasons stated above, Defendants respectfully ask that this Court GRANT their partial motions to dismiss for failure to state a claim.

Respectfully submitted,

s/ G. David Mathues
MICHAEL D. BERSANI, ARDC No. 06200897
G. DAVID MATHUES, ARDC No. 06293314
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156
P: 630-773-4774    F: 630-773-4851
mbersani@hcbattorneys.com
dmathues@hcbattorneys.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VICTOR M. WILLIAMS, )<br>    Plaintiff, )<br> v. )<br> )<br>CITY OF JOLIET ET AL., )<br>    Defendants. )<br>_____ )<br> )<br>JAMAL M. SMITH, )<br>    Plaintiff, )<br> v. )<br> )<br>CITY OF JOLIET, and )<br>UNKNOWN JOLIET POLICE OFFICERS, )<br>    Defendants. ) | Case No. 20-cv-5367<br><br>Consolidated with<br><br>Case No. 20-cv-5387<br><br>**Hon. Sara L. Ellis**<br><br>JURY TRIAL DEMANDED |

## **CERTIFICATE OF SERVICE**

  I hereby certify that on **November 12, 2020** I electronically filed the foregoing ***Defendants' Consolidated Memorandum of Law in Support of Their Partial Rule 12(b)(6) Motion to Dismiss,*** with the Clerk of the Northern District Court, Eastern Division, using the CM/ECF system, which will send notification of such filing to the CM/ECF participants:

**TO:** Lawrence X. O'Reilly, 110 E. Schiller St., Suite 224, Elmhurst, IL 60126, lxolaw@gmail.com

   Michael Eric Baker, Spector & Baker, 190 S. LaSalle St., Suite 1540, Chicago, IL 60603
   mike@spectorbaker.com

   Sabrina Spano, City of Joliet, 150 W. Jefferson St., Joliet, IL 60432, sspano@joliet.gov

                s/ G. David Mathues
                MICHAEL D. BERSANI, ARDC No. 06200897
                G. DAVID MATHUES, ARDC No. 06293314
                *Attorneys for Defendants*
                HERVAS, CONDON & BERSANI, P.C.
                333 W. Pierce Road, Suite 195
                Itasca, IL 60143-3156
                P: 630-773-4774   F: 630-773-4851
                mbersani@hcbattorneys.com
                dmathues@hcbattorneys.com