# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR M. WILLIAMS, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 20-cv-5367 |
| CITY OF JOLIET, ET AL., | ) ) | |
| Defendants. | ) ) | Consolidated with |
| | ) ) | |
| JAMAL M. SMITH, | ) ) | |
| Plaintiff, | ) ) | Case No. 20-cv-5387 |
| v. | ) ) ) | **Hon. Sara L. Ellis** |
| CITY OF JOLIET, ET AL., | ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW COME Defendants ROBERT O'DEKIRK, ROBERT MAU, BRETT WILSON, JOHN BECK, JIM LUKASZEK, RYAN KILLIAN, and the CITY OF JOLIET, by and through their attorneys, MICHAEL D. BERSANI and G. DAVID MATHUES of HERVAS, CONDON, AND BERSANI, P.C., and for their Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint, state as follows:

## INTRODUCTION

1. This action is brought under 42 U. S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson admit the action is brought under 42 U.S.C. § 1983. They deny the**

remaining allegations contained in Paragraph 1 of Plaintiffs' Second Amended Complaint.

**Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the action under 28 U.S.C. § 1331 and §1367.

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson admit the allegations contained in Paragraph 2 of Plaintiffs' Second Amended Complaint.**

**Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

3. The Court has supplementary jurisdiction over the substantially related state claims under 28 U.S.C. 1367 (a).

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson admit the allegations contained in Paragraph 3 of Plaintiffs' Second Amended Complaint.**

**Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

4. Venue is appropriate pursuant to 28 U.S.C. 1391 as all of the complained of acts occurred within the Northern District of Illinois.

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson admit the allegations contained in Paragraph 4 of Plaintiffs' Second Amended Complaint.**

**Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

## PLAINTIFFS' ALLEGATIONS

5. Victor M. Williams is a 23-year-old resident of Lockport, Will County, Illinois.

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson admit that Williams has been a resident of the state of Illinois at all relevant times. They lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of Plaintiffs' Second Amended Complaint.**

**Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

6. Jamal Smith is a 28-year-old resident of Crest Hill, Will County, Illinois.

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson admit that Smith has been a resident of the state of Illinois at all relevant times. They lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of Plaintiffs' Second Amended Complaint.**

**Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

7. On May 31, 2020, Robert O'Dekirk was the elected Mayor of the City of Joliet, Illinois.

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson admit the allegations contained in Paragraph 7 of Plaintiffs' Second Amended Complaint.**

**Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

8. On May 31, 2020, Defendant Officers were employed by the City of Joliet.

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson admit the allegations contained in Paragraph 8 of Plaintiffs' Second Amended Complaint.**

**Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

9. On May 31, 2020, Defendant Mayor O'Dekirk grabbed Victor Williams on and around the neck area and about the body and forcefully drove him backwards and subsequently threw him to

the ground. At no time did Mr. Williams do anything to provoke the encounter or actions which led Mayor O'Dekirk to forcefully take him to the ground. Mr. Williams had committed no crime, was unarmed, presented no threat to any person and was upon public land. There was no justification for the use of force against Victor Williams.

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson admit that at one point on May 31, 2020 Mayor O'Dekirk grabbed Victor Williams. They deny the remaining allegations contained in Paragraph 9 of Plaintiffs' Second Amended Complaint.**

**Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

10. Jamal Smith, Victor William's [*sic*] brother, came to the defense of Mr. Williams by making attempts to stop Mayor O'Dekirk's unprovoked attack upon Mr. Williams.

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson deny the allegations contained in Paragraph 10 of Plaintiffs' Second Amended Complaint.**

**Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

11. Both Plaintiffs were thrown to the ground by Defendant Officers. After being thrown to the ground, and without justification, Defendant Officers beat Plaintiffs about their head and bodies as they lay defenseless on the ground. Defendant Officers without justification or provocation beat Plaintiffs about their heads and bodies and continued to do so as they lay defenseless on the ground.

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson deny the allegations contained in Paragraph 11 of Plaintiffs' Second Amended Complaint.**

**Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

12. After being beaten, Plaintiffs were arrested without lawful justification, handcuffed, placed inside a squadrol, and taken to the Joliet Police Department where they were charged with Aggravated Assault and Mob Action.

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson admit Plaintiffs were arrested, handcuffed, and taken to the Joliet Police Department. They deny the remaining allegations contained in Paragraph 12 of Plaintiffs' Second Amended Complaint.**

**Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

13. Defendant Officers used inappropriate, unwarranted and unjustifiable force against Plaintiffs. Defendant Officers assaulted, battered and restrained Plaintiffs without lawful cause or justification. Following the beating, Defendant Officers falsely accused Plaintiffs of engaging in conduct which justified their actions.

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson deny the allegations contained in Paragraph 13 of Plaintiffs' Second Amended Complaint.**

**Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

14. As a result of Defendant Officers unlawful use of force, Plaintiffs suffered damages including pain and suffering and mental distress and anguish.

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson deny the allegations contained in Paragraph 14 of Plaintiffs' Second Amended Complaint.**

**Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

## COUNT I — 42 U.S.C. § 1983

### Fourth Amendment

15. Each paragraph of this Complaint is incorporated herein.

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson incorporate and re-state their answers to Paragraphs 1 through 14**

**above as their answer to Paragraph 15 of Plaintiffs' Second Amended Complaint.**

**Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

16. As described in the preceding paragraphs, the conduct of Defendant Officers, acting under color of law, constituted excessive force in violation of the United States Constitution.

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson deny the allegations contained in Paragraph 16 of Plaintiffs' Second Amended Complaint.**

**Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

17. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson deny the allegations contained in Paragraph 17 of Plaintiffs' Second Amended Complaint.**

**Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

18. As a result of the described misconduct, Plaintiffs suffered damages, including but not limited to physical pain and suffering; injuries requiring hospitalization; mental distress and anguish.

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson deny the allegations contained in Paragraph 18 of Plaintiffs' Second Amended Complaint.**

**Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

19. Defendant Officers are or were employees of the City of Joliet and acted within the scope of their employment in committing the misconduct described herein.

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson admit that the Defendant Officers are or were employees of the City of Joliet and acted within the scope of their employment. They deny the remaining allegations contained in Paragraph 19 of Plaintiffs' Second Amended Complaint.**

**Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

## COUNT II - 42 U.S.C. § 1983

### False Arrest/Unlawful Detention

20. Each of the previous paragraphs of this Complaint are incorporated as if fully restated in this Count.

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson incorporate and re-state their answers to Paragraphs 1 through 19 above as their answer to Paragraph 20 of Plaintiffs' Second Amended Complaint.**

**Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

21. As described above, Defendant Officers detained and falsely arrested Plaintiffs, unreasonably and without probable cause, in violation of his Fourth Amendment Right to be free from unreasonable seizure.

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson deny the allegations contained in Paragraph 21 of Plaintiffs' Second Amended Complaint.**

**Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

22. The misconduct described in this Count was objectively unreasonable, intentional, willful and wanton and was undertaken with malice and deliberate indifference to Plaintiffs' constitutional rights.

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson deny the allegations contained in Paragraph 22 of Plaintiffs' Second Amended Complaint.**

**Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

23. As a result of the described misconduct, Plaintiff suffered damages, including but not limited to: physical suffering; incarceration; mental distress and anguish.

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson deny the allegations contained in Paragraph 23 of Plaintiffs' Second Amended Complaint.**

**Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

24. Defendant Officers are or were employees of the City of Joliet and acted within the scope of their employment in committing the misconduct described herein.

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson admit that the Defendant Officers are or were employees of the City of Joliet and acted within the scope of their employment. They deny the remaining allegations contained in Paragraph 24 of Plaintiffs' Second Amended Complaint.**

**Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

### COUNT III - 42 U.S.C. § 1983

### Excessive Force

25. Each of the previous paragraphs in this Complaint are incorporated as if fully restated in this Count.

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson incorporate and re-state their answers to Paragraphs 1 through 24 above as their answer to Paragraph 25 of Plaintiffs' Second Amended Complaint.**

> **Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

26. As described in the preceding paragraphs, the conduct of the Defendant Officers toward Plaintiffs constituted excessive force in violation of the United States Constitution.

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson deny the allegations contained in Paragraph 26 of Plaintiffs' Second Amended Complaint.**

> **Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

27. The misconduct described in this Count was objectively unreasonable and was undertaken with willful indifference to Plaintiffs' constitutional rights.

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson deny the allegations contained in Paragraph 27 of Plaintiffs' Second Amended Complaint.**

> **Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

28. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment and under color of law such that their employer, the City of Joliet, is liable for their actions.

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson admit that the Defendant Officers are or were employees of the City of Joliet and acted within the scope of their employment. They deny the remaining allegations contained in Paragraph 28 of Plaintiffs' Second Amended Complaint.**

> **Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

# COUNT IV - 42 U.S.C. § 1983

## Failure to Intervene

29. Each of the previous paragraphs in this Complaint are incorporated as if fully restated in this Count.

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson incorporate and re-state their answers to Paragraphs 1 through 28 above as their answer to Paragraph 29 of Plaintiffs' Second Amended Complaint.**

**Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

30. One or more of Defendant Officers had a reasonable opportunity to prevent the violation of Plaintiffs' constitutional rights as set forth above had he or she been so inclined but failed to do so.

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson deny the allegations contained in Paragraph 30 of Plaintiffs' Second Amended Complaint.**

**Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

31. As a result of Defendant Officers' failure to intervene, Plaintiffs suffered pain, injury, and emotional distress.

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson deny the allegations contained in Paragraph 31 of Plaintiffs' Second Amended Complaint.**

**Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

32. Defendant's Officer's actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

**ANSWER:** Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson deny the allegations contained in Paragraph 32 of Plaintiffs' Second Amended Complaint.

**Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

33. The misconduct described in this Count was undertaken by Defendant Officers within the scope of his employment and under the color of law such that his employer, City of Joliet, is liable for his actions.

**ANSWER:** Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson admit that the Defendant Officers are or were employees of the City of Joliet and acted within the scope of their employment. They deny the remaining allegations contained in Paragraph 33 of Plaintiffs' Second Amended Complaint.

**Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

## COUNT V — State Law Claim

## Intentional Infliction of Emotional Distress

**Not answered as subject to a motion to dismiss.**

## COUNT VI — State Law Claim

## False Imprisonment

**Not answered as subject to a motion to dismiss.**

## COUNT VII— State Law Claim

## Indemnification

45. Each of the previous paragraphs of this Complaint are incorporated as if fully restated in this Count.

**ANSWER:** Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson incorporate and re-state their answers to Paragraphs 1 through 44 above as their answer to Paragraph 45 of Plaintiffs' Second Amended Complaint.

> **Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

46. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson admit the allegations contained in Paragraph 46 of Plaintiffs' Second Amended Complaint.**

> **Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

47. Defendants are or were employees of the Joliet Police Department who acted within the scope of their employment in committing the misconduct described herein. WHEREFORE, Plaintiffs, VICTOR WILLIAMS and JAMAL SMITH respectfully request judgment in their favor and against Defendants CITY OF JOLIET, MAYOR ROBERT O'DEKIRK, OFFICER RYAN KILLIAN (STAR # 240), OFFICER JAMES LUKASZEK (STAR # 170), OFFICER BRETT WILSON (STAR # 240), OFFICER ROBERT MAU (STAR # 116), and OFFICER JOHN BECK (STAR # 300), awarding compensator damages and attorneys' fees, along with punitive damages against the Defendant Officers in their individual capacities and award Plaintiff attorney's fees and costs in amount to be determined by the jury upon trial of this case, as well as any other relief this Court deems just and appropriate.

**ANSWER:** **Defendants City of Joliet and Officers Beck, Killian, Lukaszek, Mau, and Wilson admit that all individual Defendants were employees of the City of Jolliet and acted within the scope of their employment. They deny the remaining allegations contained in Paragraph 47 of Plaintiffs' Second Amended Complaint.**

> **Defendant O'Dekirk makes no response because he has moved to dismiss based on lack of fair notice as to which counts of this pleading are against him.**

WHEREFORE, Defendants ROBERT O'DEKIRK, ROBERT MAU, BRETT WILSON, JOHN BECK, JIM LUKASZEK, RYAN KILLIAN, and the CITY OF JOLIET deny that the Plaintiff is entitled to any judgment whatsoever against them and pray this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

Respectfully submitted,

s/ G. David Mathues
MICHAEL D. BERSANI, ARDC No. 06200897
G. DAVID MATHUES, ARDC No. 06293314
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156
P: 630-773-4774     F: 630-773-4851
mbersani@hcbattorneys.com
dmathues@hcbattorneys.com

## **FIRST AFFIRMATIVE DEFENSE**

NOW COME Defendants ROBERT MAU, BRETT WILSON, JOHN BECK, JIM LUKASZEK, and RYAN KILLIAN, by and through their attorneys, MICHAEL D. BERSANI and G. DAVID MATHUES of HERVAS, CONDON & BERSANI, P.C., and for their First Affirmative Defense to Plaintiffs' Second Amended Complaint, state as follows:

Defendants did not violate any clearly established constitutional rights of which a reasonable person would have known, thus entitling them to qualified immunity.

WHEREFORE, Defendants deny that the Plaintiff is entitled to any judgment whatsoever against them and pray that this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

Respectfully submitted,

s/ **G. David Mathues**
MICHAEL D. BERSANI, ARDC No. 06200897
G. DAVID MATHUES, ARDC No. 06293314
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156
P: 630-773-4774    F: 630-773-4851
mbersani@hcbattorneys.com
dmathues@hcbattorneys.com

## SECOND AFFIRMATIVE DEFENSE

NOW COMES the Defendant CITY OF JOLIET, by and through its attorneys, MICHAEL D. BERSANI and G. DAVID MATHUES of HERVAS, CONDON & BERSANI, P.C., and for its Second Affirmative Defense to Plaintiffs' Second Amended Complaint, states as follows:

Plaintiff's claims are barred, in whole or in part, by the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/101 *et seq.*, ("Act"), including but not limited to the following:

1. Defendant City of Joliet is a local public entity, and all individual Defendants are public employees as defined in the Act. 745 ILCS 10/1-206 and 1-207.

2. Defendant City of Joliet is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by an injured party or a third party. 745 ILCS 10/2-102 and 10/2-302. Therefore, the City of Joliet is not liable for any punitive damages award should such an award be made in favor of Plaintiff.

WHEREFORE, Defendants deny that the Plaintiff is entitled to any judgment whatsoever against them and pray that this Honorable Court will enter a judgment in their favor and allow for the costs of defending this lawsuit.

Respectfully submitted,

**s/ G. David Mathues**
MICHAEL D. BERSANI, ARDC No. 06200897
G. DAVID MATHUES, ARDC No. 06293314
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156
P: 630-773-4774    F: 630-773-4851
mbersani@hcbattorneys.com
dmathues@hcbattorneys.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VICTOR M. WILLIAMS, ) | | |
|     Plaintiff, ) | | |
|   v. ) | | |
| ) | | |
| CITY OF JOLIET ET AL., ) | Case No. 20-cv-5367 | |
|     Defendants. ) | | |
| ———————————————— ) | Consolidated with | |
| ) | | |
| JAMAL M. SMITH, ) | Case No. 20-cv-5387 | |
|     Plaintiff, ) | | |
|   v. ) | **Hon. Sara L. Ellis** | |
| ) | | |
| CITY OF JOLIET, ET AL. ) | JURY TRIAL DEMANDED | |
|     Defendants. ) | | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on **August 27, 2021**, I electronically filed the foregoing ***Defendants' Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint***, with the Clerk of the Northern District Court, Eastern Division, using the CM/ECF system, which will send notification of such filing to the CM/ECF participants:

**TO:** Lawrence X. O'Reilly, 110 E. Schiller St., Suite 224, Elmhurst, IL 60126, lxolaw@gmail.com

Michael Eric Baker, Spector & Baker, 190 S. LaSalle St., Suite 1540, Chicago, IL 60603 mike@spectorbaker.com

Sabrina Spano, City of Joliet, 150 W. Jefferson St., Joliet, IL 60432, sspano@joliet.gov

                                                        **s/ G. David Mathues**
                                                        MICHAEL D. BERSANI, ARDC No. 06200897
                                                        G. DAVID MATHUES, ARDC No. 06293314
                                                        *Attorneys for Defendants*
                                                        HERVAS, CONDON & BERSANI, P.C.
                                                        333 W. Pierce Road, Suite 195
                                                        Itasca, IL 60143-3156
                                                        P: 630-773-4774       F: 630-773-4851
                                                        mbersani@hcbattorneys.com
                                                        dmathues@hcbattorneys.com