# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VICTOR M. WILLIAMS, <br>     Plaintiff, <br> v. <br> CITY OF JOLIET ET AL., <br>     Defendants. | Case No. 20-cv-5367 <br><br> Consolidated with |
| JAMAL M. SMITH, <br>     Plaintiff, <br> v. <br> CITY OF JOLIET, ET AL. <br>     Defendants. | Case No. 20-cv-5387 <br><br> **Hon. Sara L. Ellis** |

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR PARTIAL RULE 12(B)(6) MOTION TO DISMISS

### INTRODUCTION

These consolidated cases arise from a physical altercation between plaintiffs and the City of Joliet's mayor on May 31, 2020. Plaintiffs are brothers, and originally filed separate cases, but the cases were consolidated soon after filing. They initially sued the City of Joliet, its elected Mayor, Robert O'Dekirk, and "Unknown Police Officers." But the recently filed Second Amended Complaint replaces "Unknown Police Officers" with five specific JPD Officers. The Second Amended Complaint, like previous iterations, alleges federal civil rights claims and parallel state law claims.

There are two problems with the Second Amended Complaint that justify this partial motion to dismiss. First, the state law claims are untimely as to the recently added individual officers and should be dismissed. Second, the complaint is ambiguous at best as to which claims are brought against Mayor O'Dekirk. No one should have to defend a lawsuit unsure of which claims are brought against them; that is fundamentally contrary to a regime of *notice* pleading. The Court should remedy this problem by dismissing the Mayor without prejudice and allowing Plaintiffs to replead solely as to him.

## SUMMARY OF ALLEGED FACTS

Plaintiff Victor Williams alleges that on May 31, 2020, he was physically accosted by the City of Joliet's elected mayor, Robert O'Dekirk, even though he was doing nothing wrong. (2AC ¶ 9) Williams then alleges that other unknown City of Joliet police officers piled on and used excessive force against Williams despite his lack of resistance, and that he was then cuffed, arrested, and charged, all without legal justification. (*Id.* ¶¶ 11–13) Williams' brother, Jamal Smith, alleges that he came to the "defense" of his brother and suffered the same unwarranted fate. (*Id.* ¶¶ 10–13)

## PROCEDURAL HISTORY AND COUNTS ALLEGED

Williams' complaint was filed on September 10, 2020. (Dkt. # 1, Compl., 9/10/20) Smith's was filed the next day. (*See Smith v. Joliet*, Dkt. # 1, Compl. 9/11/20) The cases were consolidated shortly thereafter. (*See* Dkt. # 12, Minute Entry, 10/14/20) After Defendants moved to dismiss certain counts, Plaintiffs jointly filed a First Amended Complaint, dropping some of their claims.[1] (Dkt. # 19, 1st Am. Compl. 02/11/21) Since then, written and oral discovery has been proceeding.

Plaintiffs have now filed a Second Amended Complaint. (Dkt. # 30, 2AC, 08/06/21 ("2AC") It is substantially similar to the First Amended Complaint but replaces "unknown police officers" with five specific JPD Officers: John Beck, Ryan Killian, Jim Lukaszek, Robert Mau, and Brett Wilson. (*Id.*) The 2AC alleges federal constitutional claims and parallel state law claims. Count I-IV are brought pursuant to the Fourth Amendment and Section 1983, Count V is a state-law claim for Intentional Infliction of Emotional Distress, and Count VI is a state law claim for False Imprisonment. Count VII seeks indemnification. But as discussed in more detail below, the 2AC is ambiguous as to which of these counts is directed at which defendants.

---

[1] Most notably, Plaintiffs dropped their malicious prosecution claims, which Defendants had moved to dismiss in light of public statements and court records showing the Plaintiffs were never prosecuted.

**STANDARD OF REVIEW**

A motion to dismiss based on the statute of limitations will be granted "when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). A claim that is time-barred is by definition not "a claim on which relief may be granted." Fed. R. Civ. Proc. 12(b)(6).

What is more, every complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Otherwise, it will be dismissed under Rule 12(b)(6). At the highest level, the "factual matter" alleged must be sufficient so that a defendant has "sufficient notice" of what claims are brought against him or her, and the grounds for those claims. *Brooks v. Ross*, 578 F.3d 574, 580–81 (7th Cir. 2009), 580–81 (7th Cir. 2007).

**ARGUMENT**

I. **THE STATE LAW CLAIMS ARE UNTIMELY AS TO THE NEWLY ADDED DEFENDANTS, OFFICERS BECK, KILLIAN, LUKASZEK, MAU, AND WILSON.**

Illinois law requires that *all* claims against "a local entity or any of its employees" be brought "within one year from the date that the injury was received, or the cause of action accrued." 745 ILCS 10/8-101(a) (West 2016). The City of Joliet is a "local public entity," 745 ILCS 10/1-206, and Officers Beck, Killian, Lukaszek, Mau, and Wilson are its employees. (2AC ¶ 47)

The incident on which this suit is based occurred on May 31, 2020, and into the early morning of June 1, 2020. (2AC ¶¶ 9–12) Plaintiffs' claims accrued at that time. They were more than aware of any emotional distress they had experienced, and while their complaint does not state the date they were released, it is not disputed that they were released from custody in the early morning hours of June 1, 2020. If there were debate on this fact, Plaintiff's' initial complaint explicitly states that on July 2, 2020, the Will County State's Attorney announced that he would not be pursuing charges. (Dkt. # 1, Compl. ¶ 10) It follows that the Plaintiffs were not in custody after that time.

3

Plaintiffs' state law claims in Counts V and VI against Officers Beck, Killian, Lukaszek, Mau, and Wilson are therefore untimely by over a month.

Plaintiffs cannot salvage their state-law claims by using Rule 15(c)(1)(C)'s "relation back" procedure. That rule requires (among other things) that the added party "knew or should have known that the action would have been brought against it, *but for a mistake concerning the proper party's identity.*" Fed. R. Civ. P. 15(c)(1)(C) (emphasis added). The key word is "mistake."

Plaintiffs initially sued "Unknown Joliet Police Officers" in the first two iterations of their pleadings, and in their current iteration swapped in the names of the five officers they have decided to sue. The critical question is whether the Plaintiffs' (alleged) lack of knowledge as to the proper defendants' identity counted as a "mistake" and entitled them to take advantage of the "relation back" provisions and thereby make an untimely claim timely.

Longstanding Seventh Circuit law says no, that naming a "John Doe" or "unknown" defendant is not a "mistake" that would open the door to a plaintiff using Rule 15(c)(1)(C) to make a claim timely if he or she does not identify and sue the proper defendant before the statute of limitations expires. *Hall v. Norfolk Southern Railway Co.*, 469 F.3d 590, 596 (7th Cir. 2006). *Hall* compels dismissal of Plaintiffs' state law claims against the newly added officers.

But some district courts thought that *Hall* was abrogated by the Supreme Court's ruling *in Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 555–57 (2010) and stopped applying its holding. Others continued to apply *Hall* and the "John Doe" rule. *See e.g, Haroon v. Talbott*, 2017 WL 4280980, at **3–6 (N.D. Ill. Sept. 27, 2017) (listing cases within this district on both sides). This disagreement has now been resolved.

Earlier this month, the Seventh Circuit spoke directly to the issue, reaffirmed *Hall*, and held that notwithstanding *Krupski*, there were "three reasons" that naming a John Doe defendant does not constitute a "mistake" within the meaning of Rule 15(c)(1)(C)(ii)." *Herrera v. Cleveland*, _ F.4th _,

4

2021 WL 3447681, at **3–4 (7th Cir. Aug. 6, 2021)). In addition to laying out those reasons, Herrera added that "many of our sister circuits" had reached the same conclusion. Id. at *5 (citing cases). *Herrera's* authoritative pronouncement reaffirming Hall and the "John Doe rule" forecloses any attempt by Plaintiffs to invoke the "relation back" provisions of Rule 15(c)(1)(C). Plaintiffs' state law claims against the newly added individual officers are time-barred.

## II. THE OPERATIVE COMPLAINT DOES NOT GIVE THE MAYOR ADEQUATE NOTICE OF WHICH CLAIMS ARE BROUGHT AGAINST HIM.

None of the counts in the 2AC expressly state whether they are against the Mayor alone, the newly named officers, or both. Instead, the 2AC uses a generic term of "Defendant Officers," which is ambiguous. The term certainly includes the newly added officers. But the Mayor is not a police officer. The 2AC never alleges that he was, or represented himself to be, a police officer during the relevant events. A preamble to the complaint appears to define the term "Defendant Officers" after listing all defendants. This is no help, because logically and grammatically, the defined term *could* include the City, the Mayor, and the newly named officers. Or, it could mean only the five newly added officers, who are expressly identified by the title "Officer." (*See* 2AC pp. 1-2)

The remainder of the 2AC fails to clarify matters. The conduct of the Mayor and the other individual defendants are lumped together. One cannot be certain whether any specific count includes or excludes the Mayor; logical inferences exist in both directions.

The bottom line is that under a notice pleading system, such as that instituted by the Federal Rules of Civil Procedure, every defendant is, at a minimum, entitled to "sufficient notice" of what claims are brought against him or her. *Brooks*, 578 F.3d at 580–81. A defendant who is not sure if he or she is included in a specific count obviously does *not* have sufficient notice of the claims he or she is facing. The 2AC is thus inadequately pled as to the Mayor, and he should be dismissed.

To be clear: the Defendants are *not* playing the role of a picayune grammar teacher. Nor are they looking to defeat all claims against the Mayor on the basis of technicalities. Rather, they are

5

looking to dispense with any technicalities so that this case may continue on its merits. *See Brooks*, 578 F.3d at 580 (explaining goal of notice pleading is to focus litigation on the merits, not technicalities). The Defendants do not want to arrive at some key juncture in the case, be it dispositive motions, a settlement conference, or the first day of trial, only to find confusion and disagreement about which Defendants are named in which counts. Indeed, no doubt such a scenario is also unappealing to this Court and to Plaintiffs themselves.

Thus, the Court should dismiss the Mayor from the case, without prejudice, and give Plaintiffs one final amended pleading, solely to clarify which claims they allege against him. In the alternative, if Plaintiffs respond to this motion with a clear statement as to which counts in the 2AC are brought against the Mayor, and a plausible explanation for how the 2AC supports their position, the Court may issue an order formally construing the 2AC in that manner. Either road would reach the desired end of clarity and fair notice.

## **CONCLUSION**

For those and the other reasons stated above, Defendants respectfully ask that this Court GRANT their partial motion to dismiss for failure to state a claim.

Respectfully submitted,

s/ **G. David Mathues**
MICHAEL D. BERSANI, ARDC No. 06200897
G. DAVID MATHUES, ARDC No. 06293314
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156
P: 630-773-4774    F: 630-773-4851
mbersani@hcbattorneys.com
dmathues@hcbattorneys.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VICTOR M. WILLIAMS, ) | | |
| Plaintiff, ) | | |
| v. ) | | |
| ) | | |
| CITY OF JOLIET ET AL., ) | Case No. 20-cv-5367 | |
| Defendants. ) | | |
| _____ ) | Consolidated with | |
| ) | | |
| JAMAL M. SMITH, ) | Case No. 20-cv-5387 | |
| Plaintiff, ) | | |
| v. ) | **Hon. Sara L. Ellis** | |
| ) | | |
| CITY OF JOLIET, ET AL. ) | | |
| Defendants. ) | | |

## CERTIFICATE OF SERVICE

I hereby certify that on **August 27, 2021,** I electronically filed the foregoing ***Defendants' Memorandum of Law in Support of Their Partial Rule 12(b)(6) Motion to Dismiss***, with the Clerk of the Northern District Court, Eastern Division, using the CM/ECF system, which will send notification of such filing to the CM/ECF participants:

**TO:** Lawrence X. O'Reilly, 110 E. Schiller St., Suite 224, Elmhurst, IL 60126, lxolaw@gmail.com

Michael Eric Baker, Spector & Baker, 190 S. LaSalle St., Suite 1540, Chicago, IL 60603 mike@spectorbaker.com

Sabrina Spano, City of Joliet, 150 W. Jefferson St., Joliet, IL 60432, sspano@joliet.gov

 

                                                 s/ **G. David Mathues**
                                                 MICHAEL D. BERSANI, ARDC No. 06200897
                                                 G. DAVID MATHUES, ARDC No. 06293314
                                                 *Attorneys for Defendants*
                                                 HERVAS, CONDON & BERSANI, P.C.
                                                 333 W. Pierce Road, Suite 195
                                                 Itasca, IL 60143-3156
                                                 P: 630-773-4774        F: 630-773-4851
                                                 mbersani@hcbattorneys.com
                                                dmathues@hcbattorneys.com