IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR M. WILLIAMS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | Case No. 20 cv 5367 |
| | ) | |
| CITY OF JOLIET, ROBERT O'DEKIRK, OFFICER RYAN KILLIAN (STAR # 307), OFFICER JAMES LUKASZEK (STAR #170), OFFICER BRETT WILSON (STAR #240), OFFICER ROBERT MAU (STAR #116), OFFICER JOHN BECK (STAR #300). | ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| | ) | Consolidated with |
| JAMAL M. SMITH, | ) ) | |
| Plaintiff, | ) | Case No. 20 cv 5387 |
| v. | ) ) | Honorable Sara L. Ellis |
| CITY OF JOLIET, and OFFICER RYAN KILLIAN (STAR #307), OFFICER JAMES LUKASZEK (STAR # 170), OFFICER BRETT WILSON (STAR #240), OFFICER ROBERT MAU (STAR #116), OFFICER JOHN BECK (STAR #300). | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
PARTIAL RULE 12(B)(6) MOTION TO DISMISS**

NOW COME the Plaintiffs, VICTOR M. WILLIAMS and JAMAL M. SMITH by and through their attorneys MICHAEL E. BAKER and LAWRENCE X. O'REILLY and in response to Defendant's Partial Motion to Dismiss Counts V and VI of Plaintiff's Second Amended Complaint states as follows:

1

## Introduction

On May 31, 2021, Defendant O'Dekirk, the Mayor of Joliet without provocation grabbed Plaintiff, Victor Williams on and around the neck area and drove him backwards and into the ground. Plaintiff, Jamal Smith, came to the aid of Victor Williams. Defendant Joliet Police Officers Ryan Killian, James Lukaszek, Brett Wilson, Robert Mau and John Beck were on the scene, and without justification, beat Plaintiffs as they laid defenseless on the ground. Defendant Joliet Police Officers, then unlawfully placed Plaintiffs under arrest and took them to the Joliet Police Department where they were processed and bonded out.

Defendants argue that updating the names of Defendants from "Unknown Police Officers" to Defendant Officers Ryan Killian, James Lukaszek, Brett Wilson, Robert Mau and John Beck alleging the same claims previously filed render the Second Amended Complaint "untimely." (Defendant's Memorandum of Law p. 1). Defendants' make no assertions that Plaintiffs have not diligently pursued their claims. Ironically, prior to the filing of Plaintiffs' 2AC, the parties filed a Joint Status Report (JSR) on July 16, 2021. (DKT. # 28) In the JSR, it states "Plaintiff's wish to amend their current complaint to add certain individual officers as defendants. Defendants do not oppose this request." (JSR at ¶III) This Court on July 20, 2021 gave Plaintiffs leave of court to file their 2AC. (DKT. # 29)

Defendant O'Dekirk now and for the first time contends the 2AC is ambiguous against the Mayor O'Dekirk. (Defendant's Memorandum of Law p. 1) Defendants previously filed a Rule 12(b)(6) Motion to Dismiss which this Court denied. (Dkt. # 14, 17, 26) The previous Complaint and 1AC allege the same facts pertaining to Defendant O'Dekirk as the current 2AC. Despite this, Defendant O'Dekirk failed to raise any issues regarding ambiguity of claims or the inability to identify which claims have been brought against him as he does now in their latest motion to dismiss before the Court.

Notwithstanding, *Herrera v. Cleveland*, _ F.4th _, 2021 WL 3447681 (7th Cr. Aug. 6, 2021) the Court should deny Defendants' Motion to dismiss Counts V and VI. Further, the Court should deny Defendant O'Dekirk's motion to dismiss without prejudice. Each iteration of Plaintiffs Complaints including 2AC provide Defendant O'Dekirk sufficient notice.

**Argument**

The statute of limitations is an affirmative defense and "is rarely a good reason to dismiss under Rule 12(b)(6)." *Moore v. Morales*, 415 F. Supp. 2d 891, 894 (N.D. Ill. 2006) (citing *Reiser Residential Funding Corp.*, 380 F.3d 1027, 1030 (7th Cir. 2004); *see also Sidney Hillman Health Center of Rochester v. Abbott Laboratories, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015). "A plaintiff is not required to negate an affirmative defense, such as the statute of limitations, in his complaint." *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003) (quoting *Leavell v. Kieffer*, 189 F.3d 492, 494 (7th Cir. 1999)). In considering a motion to dismiss, "the question is only whether there is *any* set of facts that if proven would establish a defense to the statute of limitations." *Id.* (*citing Early v. Bankers Life and Casualty Co.*, 959 F.2d 75, 80 (7th Cir. 1992)) (emphasis in original); *see also George v. Kraft Foods Global, Inc.*, 674 F.Supp.2d 1031, 1046- 47 (N.D. Ill. 2009) ("What the Seventh Circuit has clearly held is that "a plaintiff is not required to negate an affirmative defense, such as the statute of limitations, in his complaint.") (citing *Clark*, 318 F.3d at 768).

  I.   **Equitable Tolling**

Equitable tolling applies if (1) the plaintiff has diligently pursued the plaintiff's rights; and (2) some extraordinary circumstance nevertheless prevented timely filing. *Mayberry v. Dittmann*, 904 F.3d 525, 529 (7th Cir. 2018). To satisfy the second requirement, the circumstances causing the litigant's delay must be "both extraordinary *and* beyond its control." *Id.* (emphasis in original) (quoting *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 136 S. Ct. 750, 756, 193 L. Ed. 2d 652 (2016)). Illinois law requires that a person invoking the tolling doctrine demonstrate

3

that he has pursued his rights diligently. *Bryant v. City of Chicago*, 746 F.3d 239, 243 (7th Cir. 2014) ("If despite the exercise of reasonable diligence the plaintiff cannot discover his injurer's (or injurers) identity within the statutory period, he can appeal to the doctrine of equitable tolling to postpone the deadline for suing until he can obtain the necessary information"); *see also Shropshear v. Corporation Counsel of City of Chicago*, 275 F.3d 593, 595 (7th Cir. 2001) ("Equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite the exercise of all due diligence he is unable to obtain vital information bearing on the existence of his claim").

In this case, Plaintiffs timely filed their Complaints alleging claims concerning Joliet Police Officers whose names were unknown to Plaintiffs at the time of filing the Complaints and the 1AC. Plaintiffs diligently pursued their claims by propounding discovery onto the Defendants as well as issuing subpoenas. In particular, Plaintiffs were aware that other entities including but not limited to the Illinois State Police (ISP) were engaged in their own investigation into the incident that is the basis of this lawsuit. Plaintiffs' diligence in pursuing their claims and investigation into the Unknown Officers depended on obtaining material from the ISP. Attempts at doing so included:

1) March 5, 2021 – Plaintiffs provided notice of subpoenas to Defendants pursuant to FRCP 45(a)(4) (Exhibit A);

2) March 12, 2021 – Subpoenas were issued to various members of law enforcement and investigative entities that was returnable on April 27, 2021;

3) April 14, 2021 – ISP Master Sgt Wojtas left Counsel for Plaintiffs a voicemail;

4) April 16, 2021 - ISP Master Sgt Wojtas informed Counsel for Plaintiffs that she was putting records together and wanted more time beyond the April 27, 2021 deadline;

5) April 19, 2021 – Counsel for Plaintiffs and Defense had a conference call and discussed the ISP response to the subpoenaed materials;

6) April 19, 2021- Counsel for Plaintiffs informed Sgt. Wojtas that both parties were ok with the additional time being extended to produce the material;

7) May 13, 2021 – Sgt. Wojtas sent Counsel for Plaintiffs an email informing the records that she was putting together that were the subject of the subpoena were now ordered sealed preventing her from complying with the subpoena (See Exhibit B);

8) May 15, 2021 – Sgt. Wojtas referred Counsel for Plaintiffs to the Illinois Appellate Prosecutors Office for further explanation of how and why previously subpoenaed records were the subject of a subsequent order to seal them;

9) May 28, 2021 - Counsel for Plaintiffs emailed Counsel for Defendants informing them of the ISP issue in obtaining the records that were the subject of the subpoena and as a result Plaintiffs would have to delay taking depositions in order to determine which officers they wanted to depose;

10) June 2, 2021 – Sgt. Wojtas informed Counsel for Plaintiffs that they had decided to release the records to Counsel for Plaintiffs;

11) June 3, 2021 - Counsel for Plaintiffs received thousands of pages of records, hours of audio recordings, a substantial number of videos and hundreds of pictures.

12) July 13, 2021 - Counsel for Plaintiffs completed their review of the records received from the ISP and learned several of the files were corrupted and could not be opened.

13) July 15, 2021 - Counsel for Plaintiffs and Counsel for Defendants discussed the content of the JSR filed on July 16, 2021.

For over four months following the issuance of their subpoena, Plaintiffs diligently sought necessary documents required to pursue their claims against the Defendant Police Officers. The circumstances were both extraordinary and beyond Plaintiff's control.

As outlined in detail above, despite filing his lawsuit in a timely manner and serving written discovery, Plaintiffs were unable to ascertain the named Defendant Officers until after the expiration of the one-year statute of limitations. As detailed by the efforts above, Plaintiff's inability, was not for lack of effort. Therefore, the facts set forth by Plaintiff are sufficient to prove an equitable tolling defense to the statute of limitations, and Plaintiff's Counts V and VI should not be dismissed.

**II.     2AC Alleges Counts I, III, V Against Mayor O'Dekirk.**

Based on 2AC as well as the conduct alleged in prior iterations of the Complaint, there are sufficient facts to support the claims alleged in Counts I, II, and V of 2AC.

**Conclusion**

Based on the foregoing, the Plaintiffs respectfully requests that this Court deny the Defendants partial motion to dismiss for failure to state a claim.

Respectfully Submitted,

/S/ *Michael E. Baker*

/S/ *Lawrence X. O'Reilly*

Attorneys for Plaintiffs

Michael E. Baker
ARDC No. 6291373
190 S. LaSalle Street
Suite 1540
Chicago, Illinois
Ph. (312) 782-4640
Fax: (312) 422-1121
mike@spectorbaker.com

Lawrence X. O'Reilly  
ARDC No. 6207407  
110 E. Schiller Street  
Suite #224  
Elmhurst IL 60126  
Ph. (312)505-7225  
Fax (630)206-0697  
lxolaw@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2021, I electronically filed the Second Amended Complaint, with the Clerk of the Northern District Court, Eastern Division, using the CM/ECF system, which will send notification of such filing to the CM/ECF participants:

TO:

Michael D. Bersani
Hervas, Condon, and Bersani, P.C.
333 W Pierce Road Suite 195
Itasca, IL 60143
Email:Mbersani@hcbattorneys.com

Glenn David Mathues
Hervas, Condon, and Bersani, P.C.
333 W Pierce Road Suite 195
Itasca, IL 60143
Email:Dmathues@hcbattorneys.com

Sabrina Spano
City of Joliet
150 West Jefferson Street
Joliet, IL 60432
Email:Sspano@jolietcity.org

Respectfully Submitted,

/S/ *Michael E. Baker*

Attorneys for Plaintiffs

Michael E. Baker
ARDC No. 6291373
190 S. LaSalle Street
Suite 1540
Chicago, Illinois
Ph. (312) 782-4640
Fax: (312) 422-1121
mike@spectorbaker.com

Lawrence X. O'Reilly
ARDC No. 6207407
110 E. Schiller Street
Suite #224
Elmhurst IL 60126
Ph. (312)505-7225
Fax (630)206-0697
lxolaw@gmail.com