# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VICTOR M. WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| CITY OF JOLIET ET AL., | ) Case No. 20-cv-5367 |
| Defendants. | ) |
| | ) Consolidated with |
| | ) |
| JAMAL M. SMITH, | ) Case No. 20-cv-5387 |
| Plaintiff, | ) |
| v. | ) **Hon. Sara L. Ellis** |
| | ) |
| CITY OF JOLIET, ET AL. | ) |
| Defendants. | ) |

## DEFENDANTS' REPLY IN SUPPORT
## OF THEIR PARTIAL RULE 12(B)(6) MOTION TO DISMISS

### INTRODUCTION

Plaintiffs filed their Second Amended Complaint in early August, replacing "unknown Joliet Police Officers" with five specific individuals (Dkt. # 30, 2AC, 08/06/21 ("2AC"). The Defendants moved to dismiss the state (but not the federal) claims against those officers as time barred. Defendants also moved to dismiss Joliet's elected Mayor, Robert O'Dekirk, as a means to force Plaintiffs to clarify their ambiguous complaint and identify which counts were aimed at O'Dekirk.

Plaintiffs' reply tacitly concedes that the state law claims against the individual officers are untimely on their face, because the only argument they make is a misguided claim for equitable tolling. But Plaintiffs cannot meet their burden of proof for this rare exception for several reasons, chief among them that Defendants' discovery responses, which they received more than a month before the statute of limitations on state claims expired, identified every officer they have now named as making physical contact with Plaintiffs. As to the claims against the Mayor, instead of clarifying Plaintiffs' intent, their internally inconsistent brief unfortunately further confuses matter.

# ARGUMENT

## I. PLAINTIFFS' INTENTIONS AS TO MAYOR O'DEKIRK REMAIN NEBULOUS.

To be clear: the point of Defendants' motion to dismiss Mayor O'Dekirk was *not* to end to lawsuit against him entirely, but to force Plaintiffs to clarify *which counts* were targeted at Mayor O'Dekirk, whether in an amended complaint or a response brief asking the complaint to be construed in a certain way (*see* Dkt. # 33, Defs.' Memo. re Partial MTD, p. 5, 08/27/21). Clarity is needed because the operative complaint is ambiguous. Every count alleges acts by "Defendant Officers." But the mayor is not alleged to be a police officer, and Plaintiffs' definition of "Defendant Officers" can be plausibly read to include or exclude Mayor O'Dekirk.

But instead of bringing clarity, Plaintiffs' response beclouds the matter. Roman numeral heading "II" states that the operative complaint "[a]lleges [c]ounts I, ***III***, V" against the mayor (Dkt. # 44, Pls.' Resp. re Partial MTD, p. 6, 10/08/21 (emphasis added)). But the first sentence below that states that the facts alleged in "[c]ounts I, ***II***, and V" are sufficient (*Id.* (emphasis added)). Is the mayor a defendant in Count II? Or is it Count III? If this is scrivener's error, which is correct?

The point is not to be a petty grammar scold. The point is that a defendant in a federal civil rights lawsuit should not have to guess or assume which counts are pending against them and which are not. This is a recipe for chaos. But while Plaintiffs are no doubt not intentionally trying to hide the ball, their vague pleading inadvertently put the mayor in this position. Their brief made it worse. Fairness and efficiency require the Court to bring certainty in the most efficient means possible, whether that be by requiring an amended complaint, or requiring Plaintiffs' counsel to state their position on the record, or some other means.

## II. PLAINTIFFS CANNOT MEET THEIR BURDEN ON EQUITABLE TOLLING.

Plaintiffs do not argue that their state law claims against the five newly-added individual officers were filed within the statute of limitations. Nor do they appeal to invoke Federal Rule of

Civil Procedure 15(c)'s "relation back" provision. This silence implicitly concedes what the Seventh Circuit recently reaffirmed: naming a "John Doe" defendant, and then seeking to substitute a real person, is a "mistake" within Rule 15(c) and thus does not permit a plaintiff to extend the statute of limitations through the "relation back" rule. *Herrera v. Cleveland*, 8 F.4th 493, 498 (7th Cir. 2021).

Plaintiffs' only legal argument is that they are entitled to equitable tolling. In the Seventh Circuit, equitable tolling is "granted only sparingly" and the plaintiff bears the burden of proof. *Sparre v. United States Dep't of Lab., Admin. Rev. Bd.*, 924 F.3d 398, 402 (7th Cir. 2019). A plaintiff must prove both diligence in attempting to identify prospective defendants *and* extraordinary circumstances that precluded a timely complaint. *Herrera*, 8 F.4th at 499.

Plaintiffs say that their efforts to subpoena information from the Illinois State Police, and delays in getting responses to those subpoenas, show diligence and extraordinary circumstances. This is a red herring because it ignores everything Defendants gave Plaintiffs in discovery.

For starters, Defendants' Rule 26(a) disclosures, sent December 11, 2020, identified numerous Joliet PD officers as having relevant information. This list included all five officers Plaintiffs eventually added (John Beck, Ryan Killian, James Lukaszek, Robert Mau, and Brett Wilson) (*see* Ex. 1, Defs.' Rule 26(a) Disclosures, pp. 1–2). In addition, Defendants' discovery responses included all police reports written by all Joliet PD officers related to the incident giving rise to this case, as well as several hundred pages from the internal investigation, which in this instance was conducted by an outside agency, Hilliard Heintze (*see* Ex. 2, Defs.' Resp. to RFP, ¶¶ 2, 6, 14). These were sent on April 23, 2021, more than a month before the one-year statute of limitations expired. Finally, Defendants explicitly identified in a response to one of Plaintiffs' requests for production every individual officer whom the City believes made physical contact with either plaintiff (*Id.* ¶ 11 (identifying those officers and producing their discipline files)). That list gave seven officers, including all five whom Plaintiffs added in their amended complaint (*Id.*).

3

Thus, the Plaintiffs had more than enough information to identify Officers Beck, Killian, Lukaszek, Mau, and Wilson as possible defendants and file suit in a timely manner. Absolutely nothing prevented them from doing exactly that. *Cf Herrera*, 8 F.4th at 499 (equitable tolling requires that "extraordinary circumstances" *prevented* a party from suing the proper defendant on time). Thus, even assuming Plaintiffs were acting with diligence in trying to obtain *additional* information from ISP, those efforts do not excuse Plaintiffs from acting with diligence based on the information they already possessed and named the officers who had admitted to using force against the Plaintiffs in a timely manner. They simply failed to do so (or perhaps they miscalculated the statute of limitations). Plaintiffs have not identified any case allowing equitable tolling when a municipality provided the information the City did here more than a month before the statute of limitations expired.

Plaintiffs' efforts to get *more* information from ISP would be relevant *if* those efforts revealed some new potential defendant not identified earlier. Suppose that the ISP investigation detailed that a previously unknown sergeant was present on scene and struck one of the plaintiffs with a baton, or that an officer otherwise referred to as "Tom Smith" was actually a "Tim South." Under those hypotheticals, Plaintiffs might be entitled to equitable tolling as to those previously unidentified officers. But those hypotheticals did not happen here, and they ultimately serve only to illustrate why Plaintiffs have not met their burden for the "rare" benefit of equitable tolling.

Finally, Plaintiffs also suggest that Defendants engaged in gamesmanship by stating that they did not oppose the amended complaint (Dkt. # 44, Pls.' Resp. re Partial MTD, p. 2, 10/08/21). This would-be potshot misfires. Choosing not to oppose the filing of an amended complaint is not a waiver of any defenses to that complaint. More to the point, Defendants did not know in advance which claims Plaintiffs would bring, so objecting would have been premature. Indeed, some claims in the amended complaint are timely and not the subject of this motion. But the state law claims are untimely and should be dismissed.

4

## **CONCLUSION**

"Time and again the Seventh Circuit has emphasized that ignoring deadlines is the surest way to lose a case." *Hard Surface Sols., Inc. v. Sherwin-Williams Co.*, 271 F.R.D. 612, 615 (N.D. Ill. 2010) (citations omitted). Here, Plaintiffs have not lost their entire case against the five individual officers because the federal claims were timely filed. But because they ignored the shorter deadline for the state law claims, they have therefore lost the right to bring those claims. For those and the other reasons stated above, Defendants respectfully ask that this Court GRANT their partial motion to dismiss.

Respectfully submitted,

s/ **G. David Mathues**
MICHAEL D. BERSANI, ARDC No. 06200897
G. DAVID MATHUES, ARDC No. 06293314
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156
P: 630-773-4774     F: 630-773-4851
mbersani@hcbattorneys.com
dmathues@hcbattorneys.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR M. WILLIAMS, | ) | |
|     Plaintiff, | ) | |
|   v. | ) | |
| | ) | |
| CITY OF JOLIET ET AL., | ) | Case No. 20-cv-5367 |
|     Defendants. | ) | |
| _____ | ) | Consolidated with |
| | ) | |
| JAMAL M. SMITH, | ) | Case No. 20-cv-5387 |
|     Plaintiff, | ) | |
|   v. | ) | **Hon. Sara L. Ellis** |
| | ) | |
| CITY OF JOLIET, ET AL. | ) | |
|     Defendants. | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on **October 20, 2021,** I electronically filed the foregoing ***Defendants' Reply in Support of Their Partial Rule 12(b)(6) Motion to Dismiss***, with the Clerk of the Northern District Court, Eastern Division, using the CM/ECF system, which will send notification of such filing to the CM/ECF participants:

**TO:** Lawrence X. O'Reilly, 110 E. Schiller St., Suite 224, Elmhurst, IL 60126, lxolaw@gmail.com

Michael Eric Baker, Spector & Baker, 190 S. LaSalle St., Suite 1540, Chicago, IL 60603 mike@spectorbaker.com

Sabrina Spano, City of Joliet, 150 W. Jefferson St., Joliet, IL 60432, sspano@joliet.gov

                                        s/ **G. David Mathues**
                                        MICHAEL D. BERSANI, ARDC No. 06200897
                                        G. DAVID MATHUES, ARDC No. 06293314
                                        *Attorneys for Defendants*
                                        HERVAS, CONDON & BERSANI, P.C.
                                        333 W. Pierce Road, Suite 195
                                        Itasca, IL 60143-3156
                                        P: 630-773-4774        F: 630-773-4851
                                        mbersani@hcbattorneys.com
                                        dmathues@hcbattorneys.com