UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR M. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20 C 5367 |
| v. | ) | |
| | ) | |
| CITY OF JOLIET, ROBERT O'DEKIRK, OFFICER RYAN KILLIAN (STAR # 307), OFFICER JAMES LUKASZEK (STAR #170), OFFICER BRETT WILSON (STAR #240), OFFICER ROBERT MAU (STAR #116), OFFICER JOHN BECK (STAR # 300), | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | Consolidated with |
| | ) | |
| JAMAL M. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20 C 5387 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| CITY OF JOLIET, ROBERT O'DEKIRK, OFFICER RYAN KILLIAN (STAR # 307), OFFICER JAMES LUKASZEK (STAR #170), OFFICER BRETT WILSON (STAR #240), OFFICER ROBERT MAU (STAR #116), OFFICER JOHN BECK (STAR # 300), | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On May 31, 2020, Plaintiffs Victor Williams and Jamal Smith were involved in a physical altercation with Defendants Robert O'Dekirk, the Mayor of the City of Joliet, and Joliet Police Officers Ryan Killian, James Lukaszek, Brett Wilson, Robert Mau, and John Beck. Williams and Smith then filed individual complaints against the City of Joliet, O'Dekirk, and unknown Joliet Police Department Officers. The Court subsequently consolidated Plaintiffs'

cases. In their second amended complaint, Plaintiffs replaced "unknown police officers" with the five specific Joliet Police Officers—Killian, Lukaszek, Wilson, Mau, and Beck (the "Defendant Officers"). Plaintiffs bring four federal claims arising under 42 U.S.C. § 1983 (Counts I to IV) and two state law claims (Counts V and VI) for intentional infliction of emotional distress ("IIED") and false imprisonment.[1] Defendants filed a partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Plaintiffs named the Defendant Officers after the statute of limitations expired and equitable tolling does not apply, the statute of limitations bars Plaintiffs' state law claims for IIED and false imprisonment against the Defendant Officers. But Plaintiffs have sufficiently placed O'Dekirk on notice of the excessive force and IIED claims they assert against him; thus, they need not replead their claims against him.

## BACKGROUND[2]

On May 31, 2020, O'Dekirk grabbed Williams, unprovoked, knocking him to the ground. Smith attempted to stop O'Dekirk's attack upon Williams. The Defendant Officers then threw Williams and Smith to the ground. The Defendant Officers proceeded, also unprovoked, to beat Williams and Smith while they lay on the ground. The Defendant Officers next arrested Williams and Smith and took them to the Joliet Police Department. The State charged Plaintiffs with aggravated assault and mob action.

Williams filed his complaint on September 10, 2020; Smith filed his complaint on September 11, 2020. The Court consolidated the cases on October 14, 2020. Defendants moved

---

[1] Plaintiffs also bring a state law indemnification claim (Count VII).

[2] The Court takes the facts in the background section from Plaintiffs' second amended complaint and the exhibits attached thereto and presumes them to be true for the purpose of resolving Defendants' motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013). The Court only includes those facts relevant to resolution of the pending motion to dismiss.

to dismiss certain counts and Plaintiffs filed a first amended complaint dropping some claims on February 11, 2021. At the time of filing their original complaint and the first amended complaint, Plaintiffs did not know the names of the Defendant Officers and instead used the placeholder "unknown police officers." Plaintiffs filed a second amended complaint on August 6, 2021, replacing "unknown police officers" with Killian, Lukaszek, Wilson, Mau, and Beck.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

**I.  State Law Claims (Counts V and VI) against the Defendant Officers**

Defendants first argue that the statute of limitations bars Plaintiffs' state law claims against the Defendant Officers because Plaintiffs named the Defendant Officers after the applicable one-year statute of limitations had passed. *See* Ill. Comp. Stat. 745 10/8-101(a) (claims against "a local entity or any of its employees" must be brought "within one year from

the date that the injury was received, or the cause of action accrued"). Defendants argue that Plaintiffs' lack of knowledge as to the proper defendants' identity does not constitute a "mistake" under Federal Rule of Civil Procedure 15(c)(1)(C) so as to allow Plaintiffs to relate their second amended complaint naming the individual officer defendants back to the date of the filing of their original complaint. *See Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006) ("[T]he mistake clause of Rule 15(c)'s 'relation back' provision . . . does not permit relation back where . . . there is a lack of knowledge of the proper party." (quoting *Wood v. Worachek*, 618 F.2d 1225, 1229 (7th Cir. 1980)). The Seventh Circuit has recently made clear that "knowingly suing a John Doe defendant is not a 'mistake' within the meaning of Rule 15(c)." *Herrera v. Cleveland*, 8 F.4th 493, 495 (7th Cir. 2021). Therefore, Plaintiffs' claims against the Defendant Officers cannot relate back to the filing of the initial complaint to avoid the statute of limitations bar.

Plaintiffs, however, respond that equitable tolling applies and makes their claims timely, contending that they diligently pursued their claims in discovery and had to rely on the Illinois State Police ("ISP") independent investigation to ascertain the proper defendants. "Equitable tolling is an extraordinary remedy that is 'rarely granted.'" *Ademiju v. United States*, 999 F.3d 474, 477 (7th Cir. 2021) (citations omitted). To meet the bar for equitable tolling, Plaintiffs must show "(1) that [they] ha[ve] been pursuing [their] rights diligently, and (2) that some extraordinary circumstance stood in [their] way' and prevented timely filing." *Mayberry v. Dittman*, 904 F.3d 525, 529 (7th Cir. 2018); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010); *Bryant v. City of Chicago*, 746 F.3d 239, 243 (7th Cir. 2014) ("If despite the exercise of reasonable diligence [the plaintiff] cannot discover his injurer's (or injurers') identity within the statutory period, he can appeal to the doctrine of equitable tolling to postpone the deadline for

4

suing until he can obtain the necessary information."). "[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016). Plaintiffs have the burden to show they "diligently pursued the claim and some extraordinary circumstances prevented [them] from filing [their] complaint within the statute of limitations." *Sparre v. U.S. Dep't of Lab.*, 924 F.3d 398, 402–03 (7th Cir. 2019) (citation omitted) (internal quotation marks omitted).

Here, Plaintiffs issued subpoenas on March 5, 2021 to ISP requesting any and all records relating to the inquiry of the incident between Plaintiffs and O'Dekirk. On May 13, 2021, ISP informed Plaintiffs that the records they sought had been sealed and so ISP could not comply with the subpoena. ISP directed Plaintiffs to the Illinois Appellate Prosecutors Office for further explanation of how and why those records were the subject of a subsequent order to seal them. After additional discussions, Plaintiffs received the sought-after files on June 3, 2021 and finished reviewing the documents on July 13, 2021. Subsequently, Plaintiffs filed their second amended complaint on August 6, 2021, naming the Defendant Officers after the one-year statute of limitations had run.

Although the ISP did indicate for a period of time that it could not disclose the requested records, which would have revealed the names of the Defendant Officers, Plaintiffs had other options available to them to discover the Defendant Officers' identities within the statute of limitations. *Terry v. Chicago Police Dep't*, 200 F. Supp. 3d 719, 729 (N.D. Ill. 2016); *Hoy v. City of Chicago*, No. 93 C 4946, 1994 WL 162640, at *4 (N.D. Ill. Apr. 28, 1994) ("[P]laintiff had other options available to her to discover the identity of party through discovery which she did not utilize."). Defendants provided Plaintiffs with their Rule 26(a) disclosures on December

5

11, 2020, which identified numerous Joliet Police Officers as having relevant information. These disclosures included all five officers Plaintiffs subsequently added to the suit and identified seven officers, including the five Defendant Officers, that the City believed made physical contact with either Smith or Williams. Further, Defendants sent all police reports generated by the Joliet Police Department related to the incident and several hundred pages from the internal investigation on April 23, 2021, a little more than a month before the one-year statute of limitations expired. In other words, Plaintiffs could have discovered the Defendant Officers' identities and amended the suit to add them within the statute of limitations. Thus, the circumstances do not warrant equitable tolling, meaning Plaintiffs cannot proceed on their state law claims against the Defendant Officers. *Terry*, 200 F. Supp. 3d at 729.

**II.     Claims against O'Dekirk**

O'Dekirk separately argues that the second amended complaint uses the term "Defendant Officers" ambiguously, making it unclear whether it means to include him or just the named police officers, and so does not provide him with fair notice of the claims asserted against him. "Under the notice pleading standard, specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Horton v. City of Rockford*, No. 18 C 6829, 2019 WL 3573566, at *3 (N.D. Ill. Aug. 6, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). "[G]roup pleading does not violate Fed. R. Civ. P. 8 so long as the complaint provides sufficient detail to put the defendants on notice of the claims." *Robles v. City of Chicago*, 354 F. Supp. 3d 873, 875 (N.D. Ill. 2019) (quoting *Lattimore v. Vill. of Streamwood*, No. 17 C 8683, 2018 WL 2183991, at *4 (N.D. Ill. May 11, 2018)). But "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."

6

*Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). Allegations directed at multiple defendants, such as "the Defendants" or "Officer Defendants," could adequately plead personal involvement where they clearly pertain to all of the defendants. *Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009) ("Brooks adequately pleads personal involvement, because he specifies that he is directing this allegation at all of the defendants").

Here, Plaintiffs do identify O'Dekirk as the Mayor of Joliet and go on to describe O'Dekirk's involvement in the May 31, 2020 altercations. The second amended complaint appears to include the City and O'Dekirk in its collective definition of the phrase "Defendant Officers," but neither the City or O'Dekirk fit this description, and the phrase's more consistent use in the second amended complaint suggests that it refers only to the law enforcement defendants and not to O'Dekirk. As O'Dekirk points out, in describing the conduct forming the basis of each of Plaintiffs' claims, the second amended complaint refers to the Defendant Officers without mentioning O'Dekirk. In response to the motion to dismiss, however, Plaintiffs specify that they seek to hold O'Dekirk liable on their excessive force and IIED claims (Counts I, III, and V), abandoning any pretense of pursuing any of the other claims raised in the second amended complaint against him.[3] Because the second amended complaint provides facts supporting the excessive force and IIED claims against O'Dekirk, the Court finds that Plaintiffs have sufficiently placed O'Dekirk on notice of the claims asserted against him.

---

[3] The response refers to both "Counts I, III, and V" and "Counts I, II, and V," Doc. 43 at 6, but the Court understands the reference to Count II, related to false imprisonment, to be a typographical error given that Plaintiffs do not contend that O'Dekirk is liable for their related state law false imprisonment claim (Count VI).

**CONCLUSION**

For the foregoing reasons, the Court grants in part and denies in part Defendants' motion to dismiss [32]. The Court dismisses Plaintiffs' state law claims against the Defendant Officers with prejudice.

Dated: December 13, 2021

_____
SARA L. ELLIS
United States District Judge